UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    NO. 3:22-CR-62-KHJ-FKB

BETTY BUTLER

## ORDER

Before the Court is Defendant Betty Butler's ("Butler") [81] Motion to Vacate under 28 U.S.C. § 2255 and [80] Motion to Appoint Counsel. The Court denies the [81] Motion as untimely and finds her [80] Motion is moot. It also denies a certificate of appealability.

I.    Background

Butler was charged in February 2023 with violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). *See* Superseding Indictment [29]. She pled guilty. *See* Minute Entry dated 5/11/ [289]. The Court sentenced Butler in November 2023 to 180 months of imprisonment followed by 4 years of supervised release. *See* J. [61] at 2–3. Butler timely appealed. Notice of Appeal [62]. In December 2024, the Fifth Circuit affirmed this Court's judgment. J. [79] at 1.

Most recently, on May 27, 2025, Butler filed this [81] Motion claiming her trial counsel was ineffective. Mot. to Vacate [81] at 3–5.

II.    Standard

Section 2255 "establishes a 1-year period of limitation within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005) (citation modified). Under Section 2255,

> [t]he limitation period shall run from the latest of—
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

And unless the record "conclusively show[s] that the prisoner is entitled to no relief, the [C]ourt shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues[,] and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b).

III.    Analysis

Butler's [81] Motion is untimely. A defendant's motion to vacate must be filed within one year from the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). The Fifth Circuit dismissed Butler's appeal on December 9, 2024, and Butler did not file a certiorari petition. [333] at 1. So her conviction became

2

final on March 10, 2025—90 days after the Fifth Circuit dismissed her appeal. *See*

28 U.S.C. § 2244(d)(1)(A) (stating the limitation period shall run from "the date on

which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review"); Sup. Ct. R. 13.1 (providing 90 days

to file a petition for certiorari). Thus, Butler had until March 10, 2026, to file this

[81] Motion. But she did not do so until May 27, 2026, over two months later. *See*

[81]. Absent an alternate, applicable limitations period, Butler's [81] Motion is time-

barred.

Butler's [81] Motion neither addresses its untimeliness nor offers any reason

why the Court should toll the limitations period. She bears the burden to show the

applicability of equitable tolling and must demonstrate "(1) that [s]he has been

pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood

in h[er] way of timely filing h[er] [Section] 2255 motion." *United States v. Petty*, 530

F.3d 361, 365 (5th Cir. 2008) (per curiam) (citation modified); *see also Pace v.

DiGuglielmo*, 544 U.S. 408, 418 (2005). Butler offers none of this.

And "equitable tolling is permitted only in rare and exceptional

circumstances." *Petty*, 530 F.3d at 364 (citation modified). Specifically, it is

"reserved for those rare instances where . . . it would be unconscionable to enforce

the limitation period against the party and gross injustice would result." *Id.* at 365

(citation modified). Courts look to the facts and circumstances of each case to

determine whether equitable tolling applies. *United States v. Patterson*, 211 F.3d

927, 931 (5th Cir. 2000) (per curiam).

Again, Butler has made no attempt to explain why she failed to file her [81] Motion timely. Because Butler's conviction became final more than a year before she filed the [81] Motion and because she provides no facts that this Court could interpret as warranting an extension of the time period in Section 2255, her [81] Motion is denied as untimely.[1] And the Court finds her [80] Motion for Appointment of Counsel is moot.

The Court also denies a certificate of appealability: Butler fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, e.g., United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (finding a petitioner must show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" to prevail on an application for a certificate of appealability) (citation modified).

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the result. For all these reasons, Butler's [81] Motion to Vacate is DENIED as untimely, her [80] Motion to Appoint Counsel is MOOT, and a certificate of appealability is DENIED.

---

[1] There is no need for an evidentiary hearing on this issue. See United States v. Valles, No. 19-50343, 2023 WL 248889, at *3 (5th Cir. Jan. 18, 2023) (affirming the denial of a Section 2255 motion without an evidentiary hearing because the defendant "proffered purely conclusory assertions and unsupported generalizations regarding her entitlement to equitable tolling").

The Clerk is instructed to docket a copy of this Order in the civil case, *Butler v. United States*, 3:26-CV-374-KHJ, and to close the civil case.

SO ORDERED, this 28th day of May, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE